IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARLON ACOSTA, on behalf of himself and other persons similarly situated,<br><br>        Plaintiff,<br>v.<br><br>HIPNATION OPERATIONS & SOLUTIONS LLC, and ACCESSAMERICA GROUP, LLC,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1.  Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq*.]<br><br>2.  Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq*.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marlon Acosta brings this class action complaint and demand for jury trial against HIPnation Operations & Solutions LLC and accessAmerica Group, LLC to stop their practice of sending unwanted text messages to the cellular telephones of consumers, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action lawsuit brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

2. Defendant HIPnation Operations & Solutions LLC ("HIPnation") provides a for-profit service that serves as an alternative to traditional health insurance.

3. Defendant accessAmerica Group, LLC ("AA Group") provides marketing and technical services to businesses.

4. Defendants send text messages to consumers without their written or oral consent.

5. As a result, Defendant repeatedly violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6. The TCPA was enacted to protect consumers from unwanted calls exactly like the messages alleged in this complaint. Defendants send these text messages despite the fact that neither Plaintiff or the other members of the putative Class (defined below) provide prior express written consent to receive them.

7. As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Defendants to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff is a natural person and resident of the State of Louisiana.

9. Defendant HIPnation is an Atlanta-based for-profit corporation.

10. Defendant AA Group is Wisconsin-based for-profit corporation.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under 47 U.S.C. § 227, *et seq*.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because the damages sustained by Plaintiff occurred in this District.

## THE TCPA

13. In 1991, Congress enacted the TCPA in response to voluminous consumer complaints concerning abuses of telephone technology and to compensate consumers for intrusive

nuisance calls.[1] Since its inception, however, violators of the Act have persisted with little to no repercussions.

14. Since 2015, the FCC is reported to have ordered TCPA violators to pay a total of $208.4 million;[2] As of today, it has collected a mere $6,790.

## FACTUAL ALLEGATIONS

15. In the fall of 2017, HIPNation retained AA Group to provide text message marketing services.

16. HIPNation and AA Group retained the now-defunct company DigDatDirect, LLC to supervise a HIPNation text campaign designed to reach individuals who might be interested in an alternative to individual health insurance.

17. AA Group purchased lists of consumer telephone numbers from consumer reporting agency Experian and data aggregator Nationwide Marketing. One of the lists included Mr. Acosta's cellular telephone number ending in "-0467".

18. On or about December 7, 2017 at approximately 7:20 p.m. CST, Plaintiff received the following text message at his "-0467" number from "(678) 707-8249".

> Lose ur Healthcare? Many
> in Atlanta Have. Don't Settle!
> Get Better Healthcare 4 Less.
> Call 678-796-6937 or visit
> hipnation.com or reply stop to
> cancel.

19. The generic and impersonal nature of the text message suggests Defendants sent

---

[1] *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 370 (2012).
[2] Sarah Krouse, *The FCC has fined robocallers $208 million. It's collected $6,790.*, Fox News, https://www.foxnews.com/tech/the-fcc-has-fined-robocallers-208-million-its-collected-6790 (last visited Mar. 28, 2019)

the message using an automatic telephone dialing system ("ATDS").

20. Prior to receiving the above-described text messages, Plaintiff was not informed orally or in writing that he would receive a telemarketing and/or advertising text message on his cellular phone from Defendants using an ATDS. Consequently, Defendants never obtained the requisite consent to send Plaintiff text messages.

21. Defendants used an ATDS to send the exact same (or substantially similar) text messages to all other members of the putative Class.

22. Defendants did not obtain prior express written consent from Class members to send the above-described text messages to their cellular telephones.

23. Plaintiff and Class members suffered injuries in the form of invasion of privacy and nuisance.

24. The text messages alleged herein were exclusively made by, or on behalf of Defendants.

25. Defendants were and are aware that they were sending the above-described text message on a widespread basis to consumers located nationwide, including Louisiana, who had not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

26. **Class Definitions:** Plaintiff Marlon Acosta brings this action on behalf of himself and a class defined as follows:

> **Class:** All individuals in the United States whose cellular telephone number, from Defendants, or someone on Defendants' behalf, received telemarketing and/or advertising text messages.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and

4

members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have sent text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendants' records.

28.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a)   Whether Defendants' conduct violated the TCPA;

   (b)   Whether Defendants sent text messages using an ATDS, as contemplated by the TCPA and its implementing regulations;

   (c)   Whether Defendants sent telemarketing and/or advertising text messages without prior express written consent to Class members; and

   (e)   Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

29.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text message calls.

30.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendants' conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

31.     **Appropriateness:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be

virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

32. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
### (Willful and Knowing Violation of 47 U.S.C. § 227, et seq. – Telephone Consumer Protection Act)
### (on behalf of Plaintiff and the Class)

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Defendants made unwanted, unsolicited text message calls to Plaintiff and the Class members' cellular telephones without their prior express written consent.

35. Defendants sent these text messages to Plaintiff and the Class' cellular telephone numbers using equipment with the ability to store or produce cellular telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

36. The equipment used by Defendants to send text messages to Plaintiff and Class' cellular telephone numbers qualifies as an ATDS as defined by 47 C.F.R. § 64.1200(f)(2) and 47 U.S.C. § 227(a)(1).

37. By sending the text messages to Plaintiff and members of the Class' cellular telephones without prior express written consent using an ATDS, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

38. As a result of Defendants' unlawful conduct, Plaintiff and the members of the putative Class suffered have had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B) and § 227(c)(5)(B).

39. Because Defendants' misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3) and/or § 227(c)(5), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

40. Alternatively, because Defendants' misconduct was negligent, the Court should, pursuant to 47 U.S.C. § 227(b)(3) and/or § 227(c)(5), award statutory damages recoverable by Plaintiff and the other members of the putative Class.

41. Additionally, as a result of Defendants' unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) and § 227(c)(5)(A) to ensure that Defendants' violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Marlon Acosta, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action, appointing Plaintiff Marlon Acosta as Class Representative and his attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendants willfully violated the TCPA;

(c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

(d) A declaratory judgment that Defendants' telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

(e) An order requiring Defendants to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendants to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendants to pay the costs and expenses of class notice and claims administration;

(h) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ Jonathan Mille Kirkland*

_____
Roberto Luis Costales
William H. Beaumont
Jonathan Mille Kirkland
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, Louisiana 70119
Telephone: (504)534-5005
*jmk@beaumontcostales*.com

*Attorneys for Plaintiff*

9